No. 21,242.

THE BREWSTER STATE BANK, *Appellee*, v. N. V. JOHNSON, *Appellant.*

### SYLLABUS BY THE COURT.

CONDITIONAL SALE—*Bull Tractor—Failure of Condition—Question of Fact for Jury.* The verified answer and cross petition averred that the note sued on was given for a tractor on condition that the tractor should work successfully, and that it failed so to work. The evidence of the defendant, on whom the burden of proof was placed, tended to support such averment. A demurrer to this evidence was sustained, and judgment was rendered for the plaintiff without submitting the matter to the jury. *Held*, error.

Appeal from Thomas district court; CHARLES I. SPARKS, judge. Opinion filed July 6, 1918. Reversed.

*E. F. Murphy*, of Goodland, for the appellant.

*Asa M. Smith*, and *V. L. C. Smith*, both of Colby, for the appellee; *C. W. Smith*, of Stockton, of counsel.

The opinion of the court was delivered by

WEST, J.: The plaintiff bank sued on a promissory note. The verified answer and cross petition alleged that the note was given in conditional payment for a bull tractor, that it was agreed between the plaintiff, by its officers, and the defendant that if the tractor failed to work satisfactorily the note should be returned and the sale canceled; that the tractor failed to work; and that there was a refusal to comply with the conditions of the note. The trial court placed the burden of proof on the defendant, sustained a demurrer to his testimony, and entered judgment for the plaintiff without submitting the matter to the jury. The defendant appeals.

Bank v. Johnson.

I. W. Crumley, cashier of plaintiff bank, and his son advertised a bull tractor for sale, stating that it would "do the work of eight horses easy." The defendant read the advertisement in a newspaper and wrote to Mr. Crumley, or to the bank, inquiring about a tractor, and was informed that his note was good for one any day he wanted one. Mr. Crumley brought the tractor down, and he and another man who came with him, or whom he followed, plowed one round with a 14-inch gang plow, stopping every little while. The defendant asked Mr. Crumley what the trouble was, and he said something was not properly adjusted, and that they would adjust it so that it would be in perfect working order when they got to the house. After visiting around awhile, Mr. Crumley said they had better fix up a little paper to have something to show, and presented a note to the defendant, payable to the plaintiff bank, for $630, which the defendant signed. In a few days the defendant went to work with the tractor and found that the radiator was leaking and that chewing gum had been put on to mend the leaks. Upon notification Mr. Crumley and an expert and a branch manager came out, whereupon Mr. Crumley was shown the leak and given the chewing gum and saw where the radiator was leaking, shooting in streams. He agreed to furnish a new radiator, but did not do so, simply writing afterwards that one could be had in Colby by coming after it and paying the charges. There was trouble with the crank-shaft bearings, with the radiator, and with the gasoline tank. Some three or four attempts to adjust the machinery failed to make it operate successfully. The defendant repeatedly stated to Mr. Crumley that he did not want the machine unless it would work, and was as often told by him that it would have to give satisfaction "or we won't let you have it." Mr. Crumley requested the defendant not to call him up over the telephone when the machine was not giving satisfaction, as he thought it would be a bad advertisement. The defendant testified that the greatest amount of work he did in any half day was eight rounds, and that a 15-year-old boy with five head of horses made as high as 15 rounds in a half day.

It is argued that there was no express warranty, and no implied warranty upon which the defendant could rely, only a mere assurance after the purchase of the tractor that it would

work, and that it was kept too long before attempting to rescind. But the verified averment of a sale on condition that the tractor should work satisfactorily was to some extent supported by the evidence referred to, and in the absence of some imperative reason why the defendant could not prevail—and none is shown in the record—the jury should have been permitted to weigh and consider such evidence. (*Mentze v. Rice,* 102 Kan. 855, 172 Pac. 516, and cases cited.)

It is suggested that the answer was an attempt to rescind and recover the note because of failure of consideration, and that the defendant has not brought himself within the law of rescission. As to the latter the record does not advise us, but it is not difficult to discover in the answer an attempt to plead a failure of consideration, which failure the evidence tended to uphold.

Whatever the ultimate facts or rights of the case may be, the demurrer was erroneously sustained.

The judgment is reversed and the cause remanded for further proceedings.